Freedman, J.
(concurring). Since the decision in Schroeder v. Kohlenback (6 Abb., p. 66), the twenty-third rule of 1849, and subsequent twenty-first rule of 1852, which was left out in the revision of the Rules in 1854, has been re-enacted and in force as rule twenty-seven since October 1, 1858. A defendant, therefore, is just as much at liberty now as, according to the decision in Roy v. Thompson (1 Duer, 636), he was in 1852, to move under the rule for a dismissal of the complaint in all cases where the plaintiff has neglected to bring the cause to trial according to the course and practice of the court (Bowles v. Horne, 11 Abb., 84; 19 How., 346).
As it does not appear that the defendants in the case at bar claimed affirmative relief, it cannot be said that the duty of bringing the cause to trial devolved upon them. They applied for and obtained simply an order dismissing plaintiff’s complaint. It is not to be denied that a too strict enforcement of the rule may sometimes be made to work injustice, and nothing but a strong and clear case could induce me, while sitting at Special Term, to turn a plaintiff out of court in this summary manner. But the policy of the law always is to end litigation; and whether a motion under the rule referred to shall be granted absolutely or conditionally, or shall be denied, is a question to be determined by the justice presiding at Special Term upon the particular circumstances of each case and in the exercise of a sound judicial discretion. An abuse of this discretionary power may be reviewed and corrected by the General Term; but if the question be one of mere propriety, the General Term should not interfere. The papers submitted on this appeal show that the affidavits read on the motion below by both parties presented a case within the rule warranting the order as made, and the order, therefore, should not be disturbed.
As to the extra allowance and costs granted by the same order, I fully concur in the views of the learned chief-justice.
The order appealed from should be affirmed.